SCARINCI & HOLLENBECK, LLC
ATTORNEYS AT LAW
1100 VALLEY BROOK ROAD
P.O. BOX 790
LYNDHURST, NEW JERSEY 07071
Telephone: (201) 392-8900
Attorneys for Defendant
North Hudson Regional Fire and Rescue
Our File No. 8880.1400

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jose Rodriguez, Rafael Albarran, Leonard Calvo, Eduardo Diaz, Carlos Hernandez, Thomas Hoover, Ramon Leon, Alexander Majors, Luis Morales, Perry Rivera, Rory Rivera, Orlando Trujillo, Moises Valdes, and Alfredo Vargas, Jr.<br><br>Plaintiffs,<br><br>v.<br><br>North Hudson Regional Fire and Rescue,<br><br>Defendants. | Hon. Dennis M. Cavanaugh, U.S.D.J.<br>Hon. Mark Falk, U.S.M.J.<br><br>Civil Action No. 01-3153 (DMC)<br><br>**ANSWER TO SECOND AMENDED COMPLAINT, AS AMENDED, AND AFFIRMATIVE DEFENSES** |

Defendant North Hudson Regional Fire and Rescue, by way of Answer to plaintiffs' Second Amended Complaint in the above-captioned matter, as amended by the Court's Order Adding Eduardo Diaz as a Plaintiff, says as follows:

1. Based on the allegations contained in plaintiffs' Second Amended Complaint, Defendant asserts that based on the explicit exemption from liability under § 703(h) of the Civil Rights Acts of 1964 for "seniority systems," 42 U.S.C. § 2000e-2(h), this Court lacks jurisdiction

{00144761.DOC}

over plaintiffs' claims relating to the use of civil service promotion lists, and the allegations contained in Paragraph 1 of the Second Amended Complaint are thus denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiffs "are of Hispano-Latino (Central or South American or Caribbean) origin." Defendant otherwise admits the allegations contained in Paragraph 2 of the Second Amended Complaint.

3. Defendant admits that it is a public body corporate and politic constituting a political subdivision of the State of New Jersey, formed in 1998 pursuant to the Consolidated Municipal Service Act, N.J.S.A. 40:48-1 et seq., and denies the remaining allegations contained in Paragraph 3 of the Second Amended Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Second Amended Complaint relating to the race, ethnicity or national origin of the referenced fire fighters or fire officers. Defendant admits that there were approximately 180 firefighters and 95 fire officers of various ranks employed in conducting its operations during the referenced time period (although they did not become employees of Defendant until April 2000), and otherwise denies the allegations contained in Paragraph 4 of the Second Amended Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Second Amended Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Second Amended Complaint.

7. Except to the extent that Paragraph 7 implies that the referenced officer vacancies were among the employees of Defendant, which is denied, Defendant admits the allegations contained in Paragraph 7 of the Second Amended Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Second Amended Complaint relating to the race, ethnicity or national origin of the referenced firefighters. Defendant admits that fire officers were hired from "then existing or expired promotional lists of participating municipalities," but denies that Defendant made the determination to hire from those lists. Defendant avers that the procedure that was followed complied with the practice and policy of "selecting firefighters for promotion to officer on the basis of a civil service examination open to all qualified applicants" and that the State of New Jersey, Department of Personnel approved of and authorized the use of the referenced lists and all of the specific promotions.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Second Amended Complaint relating to the race, ethnicity or national origin of the referenced firefighters. Defendant otherwise admits the allegations contained in Paragraph 9 of the Second Amended Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Second Amended Complaint relating to the race, ethnicity or national origin of the referenced firefighters. Defendant admits that the State of New Jersey, Department of Personnel administered a new promotional exam for Fire Officers, but denies that any firefighter was promoted based on the old lists after the list resulting from the new exam was published. Defendant otherwise denies the allegations contained in Paragraph 10 of the Second Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Second Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Second Amended Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Second Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 15 of the Second Amended Complaint.

15. Defendant admits that it employs approximately 97 officers of various ranks, denies that none of them are of "Hispanic-Latino origin," and otherwise denies the allegations contained n Paragraph 15 of the Second Amended Complaint.

16. Defendant denies that it has engaged in any "discriminatory practices" or that plaintiffs have made or attempted to negotiate or resolve any complaints about "discriminatory practices." Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Second Amended Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Second Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' have not been deprived of any right, privilege or immunity secured to them by the United States Constitution or any Act of Congress.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have not been deprived of any right, privilege or immunity secured to them by the Constitution and laws of the State of New Jersey.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is a public entity of the State of New Jersey and at all times was acting pursuant to lawful authority vested in it by the State.  All acts were performed with the result of the appropriate exercise of Defendant's discretion, and therefore, are entitled to absolute immunity.

### FIFTH AFFIRMATIVE DEFENSE

Defendant acted at all times relevant hereto with good faith and without fraud or malice.

### SIXTH AFFIRMATIVE DEFENSE

The actions and allegations complained of in the Second Amended Complaint were taken by third parties over which Defendant has no control.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is immune from suit.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to Title VII's exemption for "seniority systems, " § 703(h) of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e-2(h), this Court lacks jurisdiction over plaintiffs' claims and plaintiffs claims fail to state a claim.

### NINTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by Plaintiffs were a result of actions of persons and/or entities over which this Defendant had no control.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have not exhausted their Administrative Remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not complied with the appropriate administrative procedures.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to implead indispensable parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's employment actions were justified by business necessity.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's employment actions were made for legitimate reasons relating to the Defendant's operations.

### FIFTEENTH AFFIRMATIVE DEFENSE

The State of New Jersey, Department of Personnel specifically authorized and approved all promotions and actions relating to promotions referenced in the Second Amended Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs, or some of them, failed to comply with the applicable statute of limitations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Certain plaintiffs failed to file timely charges with the federal Equal Employment Opportunity Commission.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to file an action in court within the time required by Title VII of the Civil Rights Act of 1964, as amended, and the applicable regulations of the federal Equal Employment Opportunity Commission.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to supplement these Affirmative Defenses.

**WHEREFORE,** Defendant North Hudson Regional Fire & Rescue demands judgment in its favor, and against plaintiffs, dismissing the Second Amended Complaint, awarding attorneys' fees and costs of suit, and providing such other and further relief as the Court may deem just and equitable.

                                                                       SCARINCI & HOLLENBECK, LLC
                                                                       Attorneys for Defendant

                                            By:     *s/ Robert E. Levy*
                                                             ROBERT E. LEVY (RL3396)

Dated: February 5, 2004

**CERTIFICATION OF SERVICE**

I, Patricia A. Mykulak, hereby certify and say:

I am a secretary with the law firm of Scarinci and Hollenbeck, LLC.

On this date I caused this Answer to Second Amended Complaint as Amended and Affirmative Defenses to be filed, via messenger delivery with:

>Clerk of the Court
>United States District Court
>District of New Jersey
>M.L. King, Jr. Federal Bldg
>50 Walnut Street
>Newark, NJ  07102

I also certify that on this date I caused a copy of this Answer to Second Amended Complaint as Amended and Affirmative Defenses to be served, via facsimile and overnight delivery, upon:

>David L. Rose, Esq.
>Rose & Rose
>1320 19th Street, N.W. - Suite 601
>Washington, D.C. 20036
>
>Renee Steinhager, Esq.
>15 Washington Street
>Newark, NJ  07102

I also certify that on this date I caused a copy of this Answer to Second Amended Complaint as Amended and Affirmative Defenses to be served, via facsimile and Lawyers Service, upon:

>Thomas R. Kobin, Esq.
>Chasan, Leyner, Bariso & Lamparello
>300 Harmon Meadow Boulevard
>Secaucus, New Jersey 07094

>*s/ Patricia A. Mykulak*
>PATRICIA A. MYKULAK

Dated:  February 5, 2004